UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEROY TREVINO VALDEZ,

       Petitioner,

v.                            Case No: 2:12-cv-127-FtM-29DNF

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

       Respondents.[1]

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Leroy Trevino Valdez ("Petitioner") who is presently confined at the South Bay Correctional Facility in South Bay, Florida (Doc. 7). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Collier County, Florida in 2008 for first degree arson and second degree burglary of a dwelling. Id. Respondents filed a response

_____

[1] The Supreme Court recognizes that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court." Id. at 435–36. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

to the petition, and Petitioner filed a reply and a supplemental reply to the response (Doc. 9; Doc. 20).  On October 16, 2014, the Court ordered both parties to file supplemental briefing addressing the timeliness of Petitioner's amended petition (Doc. 24).  The supplemental briefing was filed on November 3, 2014 and December 3, 2014 (Doc. 25; Doc. 28).

Petitioner raises four claims in his amended petition. Specifically, he asserts that:   (1) trial counsel failed to challenge the evidence to test the adversarial process; (2) the state failed to indict Petitioner by grand jury; (3) counsel failed to discover critical video evidence from the police car; and (4) trial counsel was ineffective for failing to arrange for a voice identification lineup (Doc. 7 at 5-9).

The Court cannot reach the merits of these claims because, as explained below, the pleadings, exhibits, and attachments before the Court establish that the petition should be dismissed as untimely.

**I.   Background and Procedural History**

On February 27, 2006, Petitioner was charged by amended information with first degree arson of a dwelling (count one), petit theft (count two), resisting an officer without violence (count three), and burglary of an occupied dwelling (count four)

(Ex. 1 at 15).[2]  After a jury trial, Petitioner was found guilty of arson of a dwelling and burglary of an occupied dwelling. Id. at 1-2.  He was sentenced as a habitual felony offender to life in prison on the arson count and to a consecutive term of fifteen years in prison on the burglary count. Id. at 12. Petitioner's conviction and sentences were *per curiam* affirmed by Florida's Second District Court of Appeal on February 27, 2009 (Ex. 3); Valdez v. State, 3 So. 3d 1259 (Fla. 2d DCA 2009).

On April 22, 2010, Petitioner signed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 5).[3]  In the motion, Petitioner raised five claims of ineffective assistance of counsel. Id.  The post-conviction court denied relief (Ex. 6). The Second District Court of Appeal *per curiam* affirmed on November 16, 2011(Ex. 8); Valdez v. State, 75 So. 3d 1264 (Fla. 2d DCA 2011).  Mandate issued on January, 4, 2012 (Ex. 8).

---

[2] The volumes and exhibits referenced in this case refer to those filed by Respondents on December 20, 2012 (Doc. 11).

[3] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The same rule applies in state court. See Thompson v. State, 761 So. 2d 324, 325 (Fla. 2000) (presuming timeliness where an inmate's legal document would be timely if filed on the date of the certificate of service, shifting the burden to the State to prove otherwise).

Petitioner signed his first habeas petition on March 1, 2012 in which he raised a single claim (Doc. 1).  He requested permission to amend his petition, and permission was granted subject to the "one-year federal statute of limitations set forth in 28 U.S.C. § 2244(d)." (Doc. 6).  Petitioner signed an amended petition on August 2, 2012, raising three additional claims (Doc. 7).

II.  **Analysis**

A.  **A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply.  Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

**B.   Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Florida's Second District Court of Appeal affirmed Petitioner's convictions and sentences on February 27, 2009 (Ex. 3); Valdez v. State, 3 So. 3d 1259 (Fla. 2d DCA 2009). Petitioner's judgment became final ninety days later — when the time to seek review in the United States Supreme Court expired. See Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236–37 (11th Cir. 2004); Bell v. Maryland, 378 U.S. 226, 232 (1964) (time period in which a petitioner could file a petition for writ of certiorari to the Supreme Court must be considered in calculating date on which judgment becomes final).  Accordingly, Petitioner's judgment became final on May 28, 2009.  Petitioner then had through May 28, 2010 to file his federal habeas petition. Downs v. McNeil,

520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one-year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing <u>Ferreira v. Sec'y Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was signed on March 1, 2012.   Therefore, it was filed 643 days late unless tolling principles apply to render it timely.

**C.    Petitioner's habeas corpus petition is not subject to statutory or equitable tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).

Petitioner signed his Rule 3.850 motion on April 22, 2010 (Ex. 5).[4]  At that point, 329 days of his AEDPA limitations period had lapsed, and Petitioner had 36 remaining days in which to file

---

[4] In his supplemental reply, Petitioner now asserts that he filed his Rule 3.850 motion on March 22, 2010 (Doc. 25 at 2). This statement is conclusively refuted by the record which shows that Petitioner delivered his Rule 3.850 motion to prison officials on April 22, 2010 and it was filed on April 28, 2010 (Ex. 5 at 18).  A review of the Collier County Clerk of Court website also shows that Petitioner filed his Rule 3.850 motion on April 28, 2010. See http://apps.collierclerk.com/Public_Inquiry/  Moreover, in his amended petition, Petitioner stated that he "filed a timely motion for post-conviction relief on April 22, 2010." (Doc. 23-1 at 21).

a federal habeas petition.   The appellate court entered its mandate affirming the denial of Petitioner's post-conviction motion on January 4, 2012 (Ex. 8), giving Petitioner through February 9, 2012 to timely file a federal habeas petition. Petitioner signed his first federal habeas petition on March 1, 2012 (Doc. 1).   Therefore, Petitioner's federal habeas petition was filed 20 days late, and he is not entitled to statutory tolling.

Neither is Petitioner entitled to equitable tolling of the AEDPA statute of limitations.   The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted).   "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

Petitioner does not argue in his amended petition or his supporting memoranda that his untimeliness should be equitably excused.   Rather, Petitioner appears to believe that he was entitled to a 90-day grace period after the appellate court

affirmed the dismissal of his Rule 3.850 motion (Doc. 25 at 3).
However, a Florida post-conviction motion remains pending only
until the appellate court issues its mandate. See Nyland v. Moore,
216 F.3d 1264, 1267 (11th Cir. 2000) (holding that a Florida post-
conviction motion remains pending until the appellate court's
mandate issues).   That Petitioner subjectively believed he had an
extra ninety days to file his § 2254 petition does not excuse its
untimeliness.   The Eleventh Circuit has recognized that "confusion
or ignorance about the law" is not an excuse for failure to file
a timely habeas petition. Perez v. Florida, 519 F. App'x 995, 997
(11th Cir. 2013); Outler v. United States, 485 F.3d 1273, 1283 n.4
(11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed
to know of the one-year statute of limitations.").

Petitioner has presented no evidence that he was the victim
of "extraordinary circumstances that [were] both beyond his
control and unavoidable even with diligence," and thus, he does
not qualify for equitable relief. Knight, 292 F.3d at 711. Nor has
Petitioner exercised the level of diligence required to show the
"rare and exceptional circumstances" that qualify a petitioner for
equitable tolling. See Lawrence, 421 F.3d at 1226.

Based on the foregoing, the Court concludes that Petitioner
is not entitled to statutory or equitable tolling.   This petition
is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

**III. Certificate of Appealability**[5]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

---

[5] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

2.    The amended petition for writ of habeas corpus filed by Leroy Trevino Valdez (Doc. 7) is **DISMISSED WITH PREJUDICE** as time-barred.

3.    Petitioner is **DENIED** a Certificate of Appealability.

4.    The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ____11th____ day of December, 2014.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record

- 10 -